# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1421


**WAYNE DESOTO AND JULIA DESOTO**

**VERSUS**

**DEBRA BEATY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 20081722
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**REVERSED AND RENDERED.**

**Michael Thomas Johnson**
**Johnson & Siebeneicher**
**P. O. Box 648**
**Alexandria, LA 71309**
**(318) 484-3911**
**Counsel for Defendant/Appellee:**
**State Farm Mutual Auto Ins. Co.**

**Victoria R. Murry**
**Louisiana Dept. of Justice**
**P. O. Box 1710**
**Alexandria, La 71309**
**(318) 487-5944**
**Counsel for Defendant/Appellant:**
**State of LA, Off. of Risk Mgmt.,State Self Ins. Fund**

**Brian M. Caubarreaux**
**Caubarreaux & Associates**
**P. O. Box 129**
**Marksville, LA 71351**
**(318) 253-0900**
**Counsel for Plaintiff/Appellee:**
**Wayne Desoto**
**Julia Desoto**

**Lisa Ann Easterling**
**Kean Miller**
**909 Poydras Street, Ste 1400**
**New Orleans, LA 70112**
**(504) 585-3050**
**Counsel for Defendant/Appellee:**
**Old American County Mutual FireInsurance Company**
**Debra Beaty**

**Bonita K. Preuett-Armour**
**Armour Law Firm**
**P. O. Box 710**
**Alexandria, LA 71309**
**(318) 442-6611**
**Counsel for Defendant/Appellee:**
**Golden Eagle Courier, Inc.**

**SAUNDERS, Judge.**

This is a case where a state employee was in a two-car automobile accident while in the course and scope of his employment. The state employee and his wife filed suit against the driver of the other vehicle in the automobile accident to recover for their damages. The State of Louisiana filed an intervention seeking reimbursement for the workers' compensation benefits paid to its employee.

The state employee and his wife then filed suit against the State, through its Self-Insurance Fund, for uninsured/underinsured motorist (UM) coverage based on the State's failure to technically comply with La.R.S. 22:1295(3). The parties filed cross-motions for summary judgment, then the state employee and his wife filed a petition for declaratory judgment seeking a declaration that the State's Self-Insurance Fund certificate provides him and his wife with UM coverage equal to the State's $5,000,000.00 self-insured liability retention limits.

The trial court denied the State's motion for summary judgment and granted the state employee and his wife their request for declaratory judgment. The State appeals. We reverse and render.

**FACTS AND PROCEDURAL HISTORY:**

On September 8, 2007, Wayne Desoto was involved in an automobile accident with Debra Beaty. Mr. Desoto sustained personal injuries requiring medical treatment including multiple surgeries.

At the time of the accident, Mr. Desoto was in the course and scope of his employment with the State of Louisiana, Department of Wildlife and Fisheries. Wayne and Julia Desoto filed a petition for damages against Beaty and other party defendants. A petition of intervention was filed on behalf of the State of Louisiana, Office of Risk Management, for reimbursement of workers' compensation medical

and indemnity benefits paid to Wayne Desoto as a result of the automobile accident.

On August 6, 2008, an amended petition for damages was filed on behalf of the Desotos. In that amended petition, the Desotos named the State of Louisiana, Office of Risk Management, Self-Insurance Fund as the UM insurance provider for the State of Louisiana and Mr. Desoto.

Thereafter, a motion for summary judgment was filed on behalf of the Desotos asserting that there was no genuine issue of material fact that the State's certificate of self-insurance provides $5,000,000.00 of single limit liability coverage as $5,000,000.00 UM coverage available to the Desotos from the State's Self-Insurance Fund due to the fact that the UM motorist rejection form attached to the Self-Insurance Fund certificate was not in technical compliance with La.R.S. 22:1295(3). The deficiency alleged is that the rejection form signed by the State Risk Director contained an "X" in the blank rather than initials indicating rejection of UM coverage.

The State filed a cross-motion for summary judgment asserting that there was no genuine issue of material fact regarding the Desotos' inability to recover from the State's Self-Insurance Fund per La.R.S. 39:1538(4) and that Wayne Desoto's sole remedy against the State, his employer, is through workers' compensation. The motion further asserted that Wayne Desoto is excluded from coverage by the State's Self-Insurance certificate, and that the State is not subject to the provisions of Title 22 of the Revised Statutes and thus not required to provide UM coverage, nor can it be deemed as a matter of law to provide such coverage absent a formally correct waiver.

Subsequent to the filing of the State's motion for summary judgment, the Desotos filed a petition for declaratory judgment seeking a ruling from the trial court

2

that the State's Self-Insurance Fund certificate provides UM coverage equal to the State's $5,000,000.00 self-insured liability retention limits. A hearing on the State's motion for summary judgment and the Desotos' petition for declaratory judgment was held on August 27, 2010. A formal judgment denying the State's motion for summary judgment and granting the Desotos' a declaratory judgment that the State's Self-Insurance Fund certificate provides UM coverage equal to the State's $5,000,000.00 self-insured liability retention limits was signed on October 4, 2010. The State has appealed alleging four assignments of error.

**ASSIGNMENT OF ERRORS:**

1.  The trial court erred in failing to rule that the Desotos do not possess a legal cause of action against the State of Louisiana Self-Insurance Fund, as a matter of law, despite the clear and unambiguous provisions of La.R.S. 39:1538(4).

2.  The trial court erred in failing to rule that, pursuant to La.R.S. 23:1032 and La.R.S. 23:1034, Wayne Desoto's exclusive right of recovery against the State of Louisiana in this case is workers' compensation benefits, because he was injured in the course and scope of his employment with the State Department of Wildlife and Fisheries.

3.  The trial court erred in ruling that Wayne Desoto and his claim for damages are excluded from coverage under the terms of the Self-Insurance certificate despite the clear and unambiguous exclusions contained in the language of the terms of the certificate itself and interpreting jurisprudence.

4.  The trial court erred in failing to find that the State of Louisiana Self-Insurance Certificate is excluded from the definition of an insurance contract by La.R.S. 22:46(9)(a), that the Fund constitutes Self-Insurance and, as such, the State is not bound to provide uninsured/underinsured motorist coverage absent a formally correct waiver pursuant to La.R.S. 22:1295(3).

**ASSIGNMENT OF ERROR NUMBER ONE:**

The State asserts in its first assignment of error that the trial court erred in failing to rule that the Desotos do not possess a legal cause of action against the

3

State's Self-Insurance Fund, as a matter of law, despite the clear and unambiguous provisions of La.R.S. 39:1538(4). We agree.

The State's assignment of error alleges an error of law by the trial court in failing to correctly consider La.R.S. 39:1538(4). Such allegations of errors of law are subject to a de novo review to determine whether the trial court was legally correct. *Guillory v. Allied Waste Industries, Inc.*, 10-159 (La.App. 3 Cir. 10/6/10), 47 So.3d 23.

Louisiana Revised Statutes 39:1538(4) states:

(4) In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by [La.]R.S. 13:5107. However, there shall be no direct action against the Self-Insurance Fund and claimants, with or without a final judgment recognizing their claims, shall have no enforceable right to have such claims satisfied or paid from the Self-Insurance Fund.

The language in La.R.S. 39:1538(4) is clear. The Desotos have no cause of action against the State's Self-Insurance Fund by the clearly expressed, unequivocal provision of La.R.S. 39:1538(4).

Accordingly, the trial court committed legal error in its judgment by finding that the State's Self-Insurance Fund certificate provides UM coverage equal to the State's $5,000,000.00 self insured liability retention limits to Wayne Desoto at the time of his accident. As such, we reverse the trial court's grant of the Desotos' declaratory judgment and render judgment granting the State's motion for summary judgment. The Desotos claims they brought against the State's Self-Insurance Fund are dismissed with prejudice. These findings pretermit all other assignments of errors in this proceeding. All costs of this proceeding are taxed to the Desotos.

**REVERSED AND RENDERED.**

4